Filed 11/7/13  P. v. Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TERRY GLENN JONES,<br><br>    Defendant and Appellant. | F065180<br><br>(Super. Ct. No. MCR030574)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  David D. Minier, Judge.  (Retired judge of the Madera County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Poochigian, J. and Franson, J.

Appellant, Terry Glenn Jones, pled guilty to domestic violence (Pen. Code, § 273.5, subd. (a)),[1] and was placed on probation for five years. After Jones violated his probation, on June 18, 2012, the court sentenced him to a four-year prison term. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On January 4, 2008, at approximately 11:45 a.m., Madera police officers responded to a residence where Jones lived with Gloria Barnes. Barnes told the officers that earlier she and Jones got into an argument and he began throwing food and destroying the house. When Barnes went into her bedroom, Jones grabbed Barnes around the neck, pushed her onto a bed, and held her down for 30 seconds. When Barnes went into a bathroom, Jones followed her and grabbed her arms. Jones then threw Barnes down, causing her to hit her head on the floor, and kicked her in the face several times. Barnes was able to call police when Jones left the residence. Police soon located Jones nearby and arrested him.

On January 7, 2008, the district attorney filed a complaint charging Jones with domestic violence. The complaint also alleged a prior prison term enhancement (§ 667.5, subd. (b)) and that Jones had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On February 7, 2008, Jones pled no contest to domestic violence in exchange for the court placing him on probation with a suspended four-year prison term and the "dismissal" of the remaining allegations. Additionally, the court struck Jones's prior strike conviction in accord with his plea agreement.

On March 10, 2008, the court sentenced Jones to the aggravated term of four years on his domestic violence conviction. It then suspended execution of sentence and placed

---

[1] All further statutory references are to the Penal Code.

2

Jones on five years' probation on condition that he serve 364 days of local time. The court also granted the prosecution's motion to "dismiss the remaining counts in the interest of justice."

On December 4, 2008, the probation department filed a petition alleging that Jones violated several conditions of his probation.

On January 30, 2009, the petition was dismissed in the interest of justice.

On November 14, 2011, the probation department filed a second petition to revoke Jones's probation alleging Jones violated the conditions of his probation requiring him to submit to drug testing, report monthly or as directed by the probation officer, and not change his residence without advance notice to his probation officer.

Following a hearing on March 2, 2012, the court found that Jones violated his probation by refusing to submit to drug testing and by changing his address without notifying his probation officer.

On June 18, 2012, the court sentenced Jones to the previously imposed four-year prison term.

Jones's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) Jones has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **<u>DISPOSITION</u>**

The judgment is affirmed.

3